### DUGAN et al. v. MILES, Collector of Internal Revenue.

(Circuit Court of Appeals, Fourth Circuit. July 3, 1923.)

#### No. 2088.

Internal revenue ⚖=8—Estate tax assessed in fund, income from which was bequeathed to charity, held excessive.

Where a testator by his will gave his widow power to dispose of $250,000 of his estate by her will, but directed that during her lifetime the estate be held in trust and the accumulated income therefrom, after payment of curtain annuities, on her death was made a charitable bequest, which was exempt from tax, federal estate tax was not assessable on the whole of the $250,000, but only on the remainder after deduction of the income therefrom during the life expectancy of the widow.

On Cross-Writs of Error to the District Court of the United States for the District of Maryland, at Baltimore; John C. Rose, Judge.

Action at law by Hammond J. Dugan and another, executors of the will of Thomas O'Neill, deceased, against Joshua W. Miles, collector of Internal Revenue. From the judgment, both parties bring error. Reversed.

See, also, 276 Fed. 401.

Joseph France and Harry N. Baetjer, both of Baltimore, Md. (Venable, Baetjer & Howard, of Baltimore, Md., on the brief), for plaintiffs in error and cross-defendants in error.

Thomas H. Lewis, Jr., Special Attorney, Bureau of Internal Revenue, of Salisbury, Md., and A. W. W. Woodcock, U. S. Atty., of Baltimore, Md. (Nelson T. Hartson, Solicitor of Internal Revenue, of Washington, D. C., on the brief), for defendant in error and cross-plaintiff in error.

Before WOODS and WADDILL, Circuit Judges, and McDOWELL, District Judge.

WOODS, Circuit Judge. This action by the executors of the will of Thomas O'Neill, a resident of Baltimore, against the collector of

⚖=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

internal revenue, is for the recovery of alleged excess estate taxes exacted. On demand of the collector, the executors in addition to the taxes admitted to be due, paid under protest $11,665.33 as if the whole of a certain $250,000 disposed of by will was taxable. The District Court, trying the cause by consent without a jury, adjudged the plaintiff entitled to recover $3,967.81 with interest from date of payment, October 18, 1920. The case is here on cross-writs of error. The question is what part, if any, of the particular $250,000 disposed of in the will was exempt from taxation as a bequest to charity.

Testator died April 6, 1919. By his will he provided that the residue of his estate, after the payment of legacies not here involved, should go to trustees to pay from the income annuities of $25,000 to his wife Roberta O'Neill, $5,000 each to Mary O'Neill, Ella O'Neill, and Lizzie O'Neill, $1,000 to his sister "known in religion as Sister Loretta," and $500 to John O'Neill. The trustees were directed to hold the remainder of the income with power to reinvest until the death of the widow. They were directed on the death of the widow to set aside sufficient funds to provide for the other annuities. The will contained this provision:

"And I hereby invest my said wife with full power and authority notwithstanding anything to the contrary thereof herein contained, to make a last will and testament wherein she may dispose of two hundred and fifty thousand dollars of my estate, and while I do not enjoin it upon her, still I would be gratified if she would give the said sum or so much thereof as she thinks best for the same charitable objects and purposes hereinafter mentioned in whatever proportions according to her own judgment she may determine."

Testator directed all the remainder of his estate, both accumulated income and corpus, after payment of the annuities, to be paid to the charities, the Good Samaritan Hospital, Loyola College, and the Roman Catholic Arch-Bishop of Baltimore.

There is no conflict as to the true construction of the will. The widow has full power to dispose of $250,000 of the estate by will in any manner she chooses. The testator's expression of a preference as to her disposition of it had no legal effect. She takes under the will no beneficial interest in the $250,000 except as it is a part of the general estate from which she is entitled to receive her annuity. If she fails to dispose of it by will, it goes under the residuary clause to the charities named. The charities take no vested interest in the corpus of the $250,000; but they do take a vested ownership of the interest or income derived therefrom during the life of the widow, and are entitled to receive it subject only to the payment of the annuities from the whole estate.

Since the government has received without question from the whole estate the tax on so much of the value of the estate as is represented by the annuities, it cannot have the tax on the income derived from the special fund of $250,000 as a fund devoted to the payment of annuities and not to charity. The income of the $250,000 for the life of the widow must be considered as a part of the bequest to the charities mentioned, exempt from the tax; the corpus is not bequeathed

to charity and therefore is not exempt. The taxable value of the $250,-000 at the death of the testator was decreased therefore to the extent of interest therefrom bequeathed to charity for the life of the widow.

Using the figures which do not seem to be in dispute the taxable value of the $250,000 may be thus expressed:

Total fund at death of testator............................$250,000.00
Less the value of $250,000 during the life expectancy of the widow,
    which goes to charities................................. 73,203.50

Total taxable value................................$176,797.50

Under this view the plaintiffs will be entitled to recover $4,392.15 with interest from October 18, 1920, the date of payment.

Reversed.