*1319 OPINION.
Siepkin:
The question to be decided is whether the respondent erred in failing to allow as a deduction from the gross estate of the decedent the full amount of $182,859.59 claimed by the petitioners as bequests to corporations organized and operated exclusively for religious, charitable, scientific, literary or educational purposes. This includes specific bequests of money totaling $175,000 and a bequest of certain porcelains valued by petitioner at $7,859.59. The respondent has reduced the amount of the deduction to $116,298.71 by deducting from $182,859.59 the value of the life estate of the widow based upon mortality tables.
Section 403 (a) (3) of the Revenue Act of 1921 provides:
That for the purpose of the tax the value of the net estate shail be determined—
(a) In the case of a resident, by deducting from the value of the gross estate — ■
[[Image here]]
*1320 (3) Tile amount of all bequests, legacies, devises, or transfers, except bona fide sales for a fair consideration in money or money’s worth, in contemplation of, or intended to take effect in possession, or enjoyment at or after the decedent’s death, to or for the use of the United States, any State, Territory, any political subdivision thereof, or the District of Columbia, for exclusively public purposes, or to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual, or to a trustee or trustees exclusively for such religious, charitable, scientific, literary, or educational purposes. This deduction shall be made in case of the estate of all decedents who have died since December 31, 1917.
The petitioners contend that, where a decedent bequeaths definite fixed sums of money to charitable and public institutions, the payment of which is merely postponed until after the termination of the life of a beneficiary entitled to the income of the funds during her life, there should be allowed as a deduction the full amount of the sum so bequeathed, without any reduction on account of the value of the intervening life estate.
Section 40 of chapter 52 of the'New York Laws of 1909 provides:
A future estate is either vested or contingent. It is vested when there is a person in being, who would have an immediate right to the possession of the property, on the determination of all the intermediate or precedent estates. It is contingent while the person to whom or the event on which it is limited to take effect remains uncertain.
Section 11 of chapter 45 of the New York Laws of 1909 provides, with some qualifications, that limitations of future or contingent interests in personal property are subject to the same rules prescribed in relation to future estates in real property.
It is apparent that the corporations took vested remainders at the time of the death of the decedent. The value of such remainders is properly deductible from the gross estate. Mercantile Trust Co., Executor, 13 B. T. A. 85.
The estate tax is a tax upon the passing of the estate of the decedent and the value of the estate must be determined as of the time of the death of the decedent. The corporations did not receive the absolute ownership of the property in question, but were entitled to the corpus only after the expiration of the life estate of the widow. In such a case it is proper to value the remainder by reducing the amount to be received by an amount representing the delayed receipt of the bequest by the charities. See Dugan v. Miles, 292 Fed. 131; United States v. Farr’s Executor, 196 Fed. 996; and Simpson v. United States, 252 U. S. 547.
Whether the remainder going to the charities is to be valued by reducing the present value to future value, which we regard as *1321 preferable to the method used by the respondent, it is certain that the deduction for bequests to charities must be less than the amount of the money at the date of the decedent’s death. We are not able to say that the amount allowed by the respondent is erroneous.
Reviewed by the Board.

Judgment will he entered for the respondent.